IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKY G. DAVIS,  )
                 )
    Plaintiff,   )
                 )
v.               )     Civil Action No. 3:19CV218–HEH
                 )
ROBERT O'HARA, *et al.*, )
                 )
    Defendants. )

## MEMORANDUM OPINION
(Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Ricky G. Davis, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on June 21, 2019, the Court directed Davis to file a particularized complaint within fourteen (14) days of the date of entry thereof. After receiving an extension, Davis filed his Particularized Complaint. (ECF No. 14.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.   PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A. The first standard includes claims premised upon "indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490

U.S. 319, 327 (1989)). The second standard is analyzed under the familiar requirements of Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

Davis alleges that Southampton County Circuit Court Judge Robert O'Hara, Commonwealth's Attorney Eric A. Cooke, and Circuit Court Clerk Richard L. Francis violated his Sixth and Fourteenth Amendments by refusing to allow Davis to represent himself during his revocation proceedings. Davis demands $15,000 in monetary damages, and a "reparative injunction" of ordering a new revocation hearing. (Part. Compl. ¶ 19.) It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Davis's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Davis's Particularized Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

## III. ANALYSIS

### A. Judicial and Quasi-Judicial Immunity

Davis faults Defendant O'Hara for refusing to allow him to represent himself *pro se* during his revocation hearing. However, judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump*, 435 U.S. at 356. This immunity extends to magistrates in Virginia. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citation omitted) (noting that "[a]s judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity"). Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Neither exception applies in this instance.

Davis fails to allege facts that plausibly suggest that Defendant O'Hara's refusal to allow Davis to represent himself, was a nonjudicial action or that Defendant O'Hara actions

were taken in complete absence of all jurisdiction. Thus, Defendant O'Hara is entitled to absolute immunity. Davis's claims against Defendant O'Hara will be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

Davis also contends that, Defendant Francis, the Clerk of the Circuit Court, conspired with the judge and prosecutor to deny Davis his right to self-representation. Judicial immunity also applies to quasi-judicial officers acting pursuant to court directives. *See Butler v. Johnson*, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (citing *Lockhart v. Hoenstine*, 411 F.2d 455 (3d Cir. 1969)). "Quasi-judicial" immunity shields court officers from "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts . . . ." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (citation omitted) (internal quotation marks omitted); *see McCray*, 456 F.2d at 5 n.11 (holding that clerks have "derivative immunity" when they act under the direction of the court). Clerks are entitled to quasi-judicial immunity when they perform "judicial act[s] . . . having an integral relationship with the judicial process." *Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (alteration in original) (citation omitted) (internal quotation marks omitted).

Davis contends that Defendant Francis "would not provide the plaintiff with the Virginia Supreme Court document needed to endorse a valid waiver" presumably, of his right to counsel. (Part. Compl. ¶ 16.) Davis fails to allege facts that indicate that Defendant Francis was performing anything other than a judicial act when he allegedly failure to provide Davis with a form. Accordingly, Davis's claims against Defendant

5

Francis will be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

### B. Prosecutorial Immunity

Prosecutorial immunity bars Davis's claims against Defendant Cooke. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and those which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Davis fails to plead facts plausibly suggesting that Defendant Cooke's purported actions were taken outside of his role as an advocate for the state in his revocation proceedings. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much

6

implicated the judicial process . . .") Thus, Defendant Cooke is immune from liability under § 1983 and any claims against him will be dismissed.

### C. Davis's Claims Are Barred By *Heck*

Here, Davis seeks monetary damages and a "reparative injunction" in the form of a new revocation hearing. (Part Compl. ¶ 19.) This form of relief would require the invalidation or vacation of the judgment that revoked his probation or supervised release. The basic premise behind his allegations, that he may seek, through a civil suit, the vacation or alteration of the judgment that revoked his probation and reinstated his suspended sentence as well as monetary damages stemming from the purportedly improper incarceration, "is legally frivolous in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

7

invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court has extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). In *Balisok*, the Supreme Court concluded that a challenge based upon the purported bias of the decision-maker, necessarily implied the invalidity of the sanction imposed by the decision-maker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Here, Davis seeks damages and a new revocation hearing because he wanted to represent himself. *Heck* and related cases clearly bar Davis request for a new revocation hearing and his claims seeking monetary damages because success on the action would necessarily imply the invalidity of the revocation of his probation. *See Wilkinson*, 544 U.S. at 79 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Davis also presents no allegation that the state court has invalidated that judgment. *Heck*, 512 U.S. 486–87. Thus, Davis's claims are frivolous. *Wilkinson*, 544 U.S. at 81–82; *see Preiser*, 411 U.S. at 500 (holding that writ of habeas corpus is the sole federal remedy when an inmate

8

challenges the fact of imprisonment and relief sought is finding that the inmate is entitled to release); *cf. Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996) (noting that to state a plausible § 1983 claim of malicious prosecution for unreasonable seizure of the person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and . . . the criminal proceedings [must have] terminated in [plaintiff']s favor"). Accordingly, even if the Defendants were not all absolutely immune from suit, *Heck* bars Davis's claims.

## III. CONCLUSION

Accordingly, Davis's claims and the action will be dismissed with prejudice for failure to state a claim and as legally frivolous. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: Aug. 26, 2019　　SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia