IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKY G. DAVIS,

    Plaintiff,

v.                                         Civil Action No. 3:19CV218–HEH

ROBERT O'HARA, *et al.*,

    Defendants.

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on August 26, 2019, the Court dismissed Ricky G. Davis's 42 U.S.C. § 1983 action with prejudice for failure to state a claim and as legally frivolous. *Davis v. O'Hara*, No. 3:19CV218–HEH, 2019 WL 4022416, at *4 (E.D. Va. Aug. 26, 2019). On September 13, 2019, the Court received from Davis a Motion to Amend "in accordance with F.R.C.P. rule 60 seeking relief from the order entered on August 26, 2019." (ECF No. 19, at 1.) The Court construes this motion filed pursuant to Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days of the August 26, 2019 Memorandum Opinion and Order. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Davis apparently argues that Rule 59(e) relief should be granted to correct a clear error of law or to prevent manifest injustice.[1] Davis, however, fails to demonstrate that the Court committed any error of law. *See Pac. Ins. Co.*, 148 F.3d at 403 (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). The majority of the Rule 59(e) Motion simply insists that he believes that the dismissal of his complaint was wrong and unfair and that the courts have shown him "no respect." (Rule 59(e) Mot. 1.) This is insufficient to demonstrate a clear error of law. Davis also contends that the Court erred because he was not given an "opportunity to fix whatever the court thinks [was] wrong with the Particularized Complaint." (Rule 59(e) Mot. 1.) The complaint was dismissed because Davis could not

---

[1] Davis indicates "that he is aggrieved due to the order and memorandum opinion issued by the magistrate on August 26, 2019." (Rule 59(e) Mot. 1.) The August 26, 2019 Memorandum Opinion and Order were issued by the undersigned, a United States District Judge, not a Magistrate Judge.

2

state a claim based on his allegations or his allegations were legally frivolous.[2] Davis fails to suggest, and the Court fails to discern, what amendment could have cured those deficiencies. Accordingly, Davis's Motion to Alter or Amend (ECF No. 19) will be denied. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: March 24, 2020
Richmond, Virginia

---

[2] The complaint was dismissed because the circuit judge, clerk, and prosecutor were immune from suit, and because Davis's claims were legally frivolous based upon *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases. *See Davis*, 2019 WL 4022416, at *2–4.